[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION CROSS MOTIONS TO SET THE VERDICT; MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT, MOTION FOR ATTORNEY'S FEES VERDICT UNDER CUTPA
The plaintiffs, partners in a real estate development partnership, instituted the present action against their attorney, who was also a partner. The first and second counts of the complaint relate to claims against the defendant as an attorney asserting that he failed to adequately protect the plaintiffs from losses and that the actions of the defendant constituted legal malpractice and breach of contract. The third count alleged that the defendant violated the Connecticut Unfair Trade Practices Act (CUTPA) by failing to execute documents with respect to a work out with a bank which was seeking to recoup funds it had loaned to the partnership. The defendant filed a counterclaim asserting that the plaintiffs overpaid a contractor, who subsequently went into bankruptcy, thereby causing the CT Page 10740 defendant to sustain a loss as a partner in the project. The case was submitted to the jury together with eighteen interrogatories. The jury found for the defendant on the legal malpractice and breach of contract claims and rendered a verdict in favor of the plaintiff in the amount of $137,500.00 on the CUTPA claim. The jury also returned a verdict in favor of the defendant on the counterclaim as against the plaintiffs in the amount of $28,750.00.
After the real estate project failed, the bank which had loaned considerable sums of money to the partnership attempted to recoup those funds from the plaintiffs and the defendant. At that time, an agreement was reached with the bank under which the defendant would not be contributing any funds to that agreement because of his precarious financial condition. The plaintiffs, however, were in a position to make the payments called for under the proposed agreement. The plaintiffs claim, that if the agreement was not made with the bank thereby forcing the bank was to carry through legal proceedings to collect the sums owed, the plaintiffs would be placed in bankruptcy and their lives would be ruined. There was also evidence that the defendant was aware of the financial condition of the plaintiffs because of his long standing relationship as an attorney for the plaintiffs. The defendant refused to enter the agreement with the bank although there was no evidence that he thought the agreement was unfair or would be a burden on him in anyway. There was evidence that the defendant would only agree to the workout with the bank if he were released from any and all obligations, both as a partner and as an attorney, for many other projects in which he had been involved with the plaintiffs. The plaintiffs ultimately signed such a release and claimed that the release was void because they signed it under duress. The jury found that such duress existed.
The defendant has filed a motion to set aside the verdict on the CUTPA count asserting that economic duress cannot constitute duress sufficient to overturn the language of the release and that the dispute between the parties is simply and intra-partnership dispute to which CUTPA does not apply.
Connecticut's Unfair Trade Practices Act prohibits unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce which itself is defined as ". . . the distribution of any services and any property, tangible or intangible real or mixed, in any other article, commodity or thing of value in this state." General Statutes § 42-110a. More appropriately, CUTPA applies to attorneys. CT Page 10741Heslin v. Connecticut Law Clinic of Trantello and Trantello,190 Conn. 510, 519-521 (1983).
Connecticut has adopted the following so called cigarette rule in determining whether a practice is unfair under CUTPA.;
 "1) Whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statute, the common law, or otherwise whether in other words is within at least the penumbra of some common law statutory or other established concept of fairness; 2) whether it is immoral, unethical, oppressive or unscrupulous; 3) whether it causes substantial injury to consumers. Daddona v. Liberty Mobile Homes Sales, Inc. 209 Conn. 243, 254 (1988).
Whether a practice violates CUTPA is an issue of fact which is viewed within the context of the totality of the circumstances. Krawaic v. Blake Manor Development, Co.,26 Conn. App. 601, 607-608 (1992). Under the facts presented the jury was entitled to find that an attorney, utilizing facts gain through that capacity, declined to enter an agreement which, for practical purposes, would oppose no burden upon him unless he were given a release for all other claims that the plaintiffs may have against him arising out of all transactions that he was involved in with them. The jury could reasonably have found that the defendant was "holding up" the plaintiffs with respect to matters extrinsic to the real estate development because he knew that the plaintiffs would face financial ruin if they did not accede to his demands. Under such circumstances the jury was entitled to find, as it did, that there was a violation of CUTPA and the release was executed under duress. Accordingly, the Motion to Set Aside the Verdict on the CUTPA count is denied.
The plaintiffs have moved to set aside the verdict on the first and second counts on various grounds to wit: that the court failed to read the full statutes concerning tenant conversion in historic districts to the jury or to admit the statute into evidence, that the court erred admitting certain evidence; that the court referred to expert testimony given by the defendant Scherban when he was never disclosed as an expert; and that the court admitted evidence relating to the real estate market. CT Page 10742
The plaintiffs, in part, claimed that the defendant was negligent in failing to take appropriate steps regarding conversion tenants in historic districts which constituted malpractice and which caused plaintiff damage. During the course of the trial there was testimony concerning various requirements of the law regarding conversion tenants in historic districts. The plaintiffs' position was that the defendant did not take care of the identified problems or advise the plaintiffs of the problems. The court did not read the entire statutes to the jury because it involved many issues and requirements that were not in issue. The court did however advise the jury that there were statutes that required action in order to accomplish the results intended. The court does not see any necessity of reading the entire statute to the jury or admitting the entire statute into evidence when the statute concerned numerous requirements that were not presented by the evidence. The court believes that the provisions of the statute which related to the issues presented by the evidence was an adequate guide to the jury.
The plaintiffs also claim error in the admission into evidence of the certified copies of records. The court believes that their admission was correct and the exhibits related primarily to damages which has been obviated by the verdict for the defendant on the First and Second counts.
With respect to the claim expert testimony, the court believes that it did refer possible expert testimony given by the defendant in the form of opinions when the court was giving its charge to the jury on how to treat expert testimony. There was no objection to any testimony by the defendant with respect to testifying as an expert. Although no transcript has been provided the court does believe that he may have expressed some opinions in response to questions and the reference in the charge was therefore appropriate.
The plaintiff also claims that the court erroneously admitted evidence with respect to real estate market values. The court does not recall any objection, other than relevance, to any testimony regarding the real estate market. However no transcript has been provided to the court. Third the court likewise does not recall overruling any objection with respect to any qualifications of a witness and accordingly the admission of evidence was appropriate.
Accordingly, the plaintiffs' Motion to Set Aside the Verdict CT Page 10743 on the First and Second counts is denied.
The plaintiff also has filed a motion to set aside the verdict on the counterclaim asserting that the evidence was insufficient to support the verdict. The defendant testified that the plaintiffs had advised him that they would make sure that the payments to the contractor were appropriate and would be made only after the work was performed. There was also evidence from which the jury could conclude that the plaintiffs overpaid the contractor for work they knew or should have known had not been performed and that subsequent bankruptcy of the contractor made it impossible to collect any those sums. The defendant also testified that the plaintiffs had advised him that they would oversee the project work as it went along. Under such circumstances the jury was entitled to find that there was an overpayment made by the plaintiffs to the contractor which should not have been made and that the plaintiffs knew or should have known of that fact. Accordingly, the Motion to Set Aside the Verdict on the counterclaim is denied.
The plaintiff also seeks an award of attorney's fees with respect to CUTPA claim. The court does not quarrel with the total hours expended nor with the hourly rate charged by counsel for the plaintiff. However, the court did preside over a lengthy trial where the considerable work done by all parties with respect to the trial and preparation for trial. The court is also aware that there were numerous issues involved in the case not related to the CUTPA claim issue and the court is not in a position to determine what fees may have been occasioned by the CUTPA claim and what fees were occasioned by many of the other issues. Accordingly, the motion for attorney's fees is denied.
RUSH, JUDGE